# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WILLIAM JOHN PHILLPOTT, II,
            Appellant,

                    v.

DEPARTMENT OF THE NAVY,
            Agency.

DOCKET NUMBER
AT-3443-15-0249-I-1

DATE: July 16, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

William John Phillpott, II, Metairie, Louisiana, pro se.

Obisia Rodriguez, Gulfport, Mississippi, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal regarding the agency's failure to refer him to the hiring official for two competitive vacancies. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to consider the appellant's timely response to the administrative judge's order on the jurisdictional issue, we AFFIRM the initial decision.

## BACKGROUND

¶2     The appellant, a permanent Federal employee with the Social Security Administration, filed an appeal with the Board after his applications for two human resources vacancies with the Department of the Navy were not referred to the hiring official. Initial Appeal File (IAF), Tab 1 at 1, 3, 5, 7. He alleged that he was rated as eligible but not among the best qualified candidates for both vacancy announcements, and thus was not referred to the hiring official for further review. *Id*. at 5. He asserted that, as a GS-11 permanent competitive employee, he qualified for noncompetitive special hiring authority and thus his name should have been sent to the hiring official on a noncompetitive eligible list. *Id*.

¶3     In an acknowledgment order, the administrative judge notified the appellant that he had the burden of proving that the Board has jurisdiction over his appeal by preponderant evidence, and that the Board generally lacks the authority to address a claim than an applicant was not selected for a vacancy. IAF, Tab 2 at 2.

The administrative judge informed the appellant that the Board has found exceptions when the agency's decision was made in retaliation for whistleblowing, violated the candidate's veterans' preference rights, or was the product of discrimination based on uniformed service. *Id*. The administrative judge ordered the appellant to file evidence and argument to prove that the appealed action was within the Board's jurisdiction.

¶4     The appellant timely responded that the agency's failure to allow him to compete for the positions in question constituted a prohibited personnel practice that violated several unspecified provisions of the merit system principles set forth in 5 U.S.C. § 2301. IAF, Tab 4 at 4. He repeated his assertion that, as a permanent Federal employee seeking reassignment, he should have been noncompetitively referred to the hiring official pursuant to a special hiring authority. *Id*. at 4-5. The agency replied that the appellant had applied for two separate competitive vacancies and that it had properly found that he was not among the best qualified candidates. IAF, Tab 5 at 6, 11. The agency noted that the appellant had conceded that he did not possess any human resources experience but met the education requirements, making him only minimally qualified for the positions. *Id*. at 14-15; *see* IAF, Tab 1 at 5.

¶5     The administrative judge did not grant the appellant's request for a hearing because there was no factual dispute bearing on the jurisdictional issue, and he dismissed the appeal for lack of jurisdiction in an initial decision based on the written record. IAF, Tab 6, Initial Decision (ID) at 1. The administrative judge noted that, in the absence of an otherwise appealable action, the Board generally lacks jurisdiction to consider whether a particular agency action resulted from a prohibited personnel practice. ID at 2. He stated that the appellant had failed to respond to his order on the jurisdictional issue and found that the record contained no evidence supporting a finding that the improper hiring practices alleged by the appellant were within the Board's jurisdiction. ID at 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 The appellant argues that the initial decision erroneously stated that he did not respond to the acknowledgment order. Petition for Review (PFR) File, Tab 1 at 4; *see* ID at 3. This is true. The record shows that the appellant filed a timely response to the administrative judge's order on the jurisdictional issue, and thus we have considered this argument and evidence on review. *See* IAF, Tab 4. However, we find that the administrative judge's error did not adversely affect the appellant's substantive rights because none of the evidence and argument submitted by the appellant supports a finding of Board jurisdiction over his appeal. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).

¶7 The appellant also submits new evidence on review, stating that the documents were "in [his] possession awaiting some form of contact" from the Board or the agency, and that he planned to submit them during mediation or prior to the requested hearing. PFR File, Tab 1 at 3-4. He argues that the acknowledgment order did not inform him that an initial decision would be made following the submission of his pleading on the jurisdictional issue, or else he would have submitted all of his supporting evidence at that time. *Id*. at 4. Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). In contrast to the appellant's assertion, the acknowledgment order clearly informed him that he had the burden of proving that his appeal was within the Board's jurisdiction, and that the record on jurisdiction would close 25 days after the date of the order. IAF, Tab 2 at 1-2. We find that the appellant's submission on review does not constitute new evidence and further note that the submitted documents concerning various hiring authorities do not support a finding that the Board has jurisdiction over the present appeal. *See* PFR File, Tab 1 at 8-22.

¶8        The administrative judge correctly found that the Board lacks jurisdiction over the appellant's claim that the agency improperly excluded him from referral to the hiring official for various vacancies.  The Board generally lacks jurisdiction over an individual's nonselection for a vacant position.  *Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 886 (Fed. Cir. 1998).  Although the appellant maintains on review that the administrative judge mischaracterized his nonreferral appeal as a nonselection appeal, he has not presented any argument or evidence that his claim is within the Board's jurisdiction, despite detailed notice of his burden of proof in the acknowledgment order.  *See* PFR File, Tab 1 at 4, 6; IAF, Tab 2 at 2, Tab 4.  His argument on review that he applied for the vacancies as a noncompetitive preference eligible is immaterial to the jurisdictional question.  *See* PFR File, Tab 1 at 5. The Standard Form 50 submitted by the appellant indicates that he is not a veteran, and he has not alleged that the agency decision violated his veterans' preference rights or was motivated by discrimination on the basis of his uniformed service.  *See* IAF, Tab 1 at 1, 7.  Thus, the record does not support a claim that the Board has jurisdiction over his appeal under the Veterans Employment Opportunities Act of 1998 or the Uniformed Services Employment and Reemployment Rights Act of 1994.

¶9        The appellant does not allege that the agency's decision was made in retaliation for whistleblowing or that the Board has jurisdiction over his claim as an independent right of action (IRA) appeal.  The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before the Office of Special Counsel (OSC) and makes nonfrivolous allegations that:  (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*,

242 F.3d 1367, 1371 (Fed Cir. 2001).  In his initial appeal, the appellant reported that he had not filed a whistleblowing complaint with OSC.  IAF, Tab 1 at 4.  Although the appellant refers to communications with OSC on review, he does not allege he filed a complaint of whistleblower reprisal with OSC, or that he made any protected disclosure or engaged in whistleblowing activity.  *See* PFR File, Tab 1 at 4.

¶10    On review, the appellant states that he is requesting a review of his prohibited personnel practice allegations because OSC informed him that the Board has "established certain requirements or elements for providing that a prohibited personnel practice may have occurred."  *Id*.  He misinterprets this statement as proof that the Board has jurisdiction over his appeal.  Allegations of prohibited personnel practices under 5 U.S.C. § 2302(b) or of a violation of the merit systems principles under 5 U.S.C. § 2301 are not an independent source of Board jurisdiction.  *See D'Leo v. Department of the Navy*, 53 M.S.P.R. 44, 48 (1992); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

¶11    Finally, we note that the appellant initially characterized his claim as an "employment practices appeal" on his appeal form, but he has not repeated this allegation on review.  IAF, Tab 1 at 3; PFR File, Tabs 1, 4-5.  In any event, the record evidence demonstrates that the present appeal constitutes a challenge to an individual selection process for particular positions with the agency, and that the appellant has alleged no facts that would reasonably raise a claim that might be within the Board's jurisdiction as an employment practices appeal.  *See Prewitt*, 133 F.3d at 887; 5 C.F.R. §§ 300.103-300.104, 1201.3(a)(7).

¶12    Thus, we find that, despite erroneously stating that the appellant had not responded to his order on the jurisdictional issue, the administrative judge correctly found that the Board lacks jurisdiction over the appellant's allegation that the agency improperly excluded him from referral to the hiring official.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal

Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                                  _____
                                                William D. Spencer
                                                Clerk of the Board

Washington, D.C.